RECEIVED
2005 SEP 16 A 9:38

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

IRVING BOWMAN  
a/k/a Wahid N. Shakoor  
v.  
UNITED STATES OF AMERICA

2:05cv881-F

## STATEMENT OF JURISDICTION

This writ of habeas corpus grants this Honorable Court jurisdiction pursuant to 28 USC § 2241, and Federal Rules of Criminal Procedure 12(b)(3)(B).

## STATEMENT OF FACTS

Defendant IRVING BOWMAN pleaded guilty before the Honorable Julie E. Carnes on June 12, 1998. He has been incarcerated since October 20, 1997 to September 1, 2005 thus serving a sentence of 95 months. As described more fully below, this defendant was convicted of conduct that does not constitute a crime.

## RELIEF REQUESTED

As conviction for activity which does not constitute a crime offends the Eighth Amendment, this defendant respectfully requests in the alternative (1) vacatur of the remainder of his sentence or (2) resentencing pursuant to an indictment redacted of conduct which is not criminal or (3) a remand to

pursuant to 18 U.S.C. § 3742(f) as the sentence imposed is in violation of law.

## LEGAL ARGUMENT

All legal argument must begin with the analysis of jurisdiction.

> It is most true that this Court will not take jurisdiction if it should not, but it is equally true that it must take jurisdiction if it should. The judiciary cannot as the legislature may, avoid a measure because it approaches the confines of the Constitution. We cannot pass it by because it is doubtful. With whatever doubts, with whatever difficulties, a case may be attended, we must decide it, if it be brought before us. We have no right to decline the exercise of jurisdiction <u>than to usurp that which is not given</u>. The one or the other would be treason to the Constitution. Questions may arise which we would gladly avoid; but we cannot avoid them. All we can do is exercise our best judgement, and conscientiously to perform our duty.
>
> <u>Cohen v. Virginia</u> 5 L.Ed.257, 404, 6 Wheat 257 (1821)(Marshall, Cheif Justice)

This controversey presents two issues, first, that a jurisdictional error has been made in the indictment and second, that such an error is cognizable under 18 U.S.C. § 2241 and/or Federal Rule of Criminal Procedure 12(b)(3)(B).

A. The Jurisdictional Error

The indictment in question makes various representations and allegations in reference to bank fraud 18 U.S.C. § 1344, and makes the requisite representation that the financial institutions are issued by the F.D.I.C., but the scheme as defined does not endanger money or property that is owned by the bank; in fact the scheme as defined does not place ANY bank property at

risk.  The indictment states:

| Check Amount/ Check Date | Count Number | Transaction Date | Payor/ Payee | Type of Transaction | Insured Financial Institution |
|---|---|---|---|---|---|
| $145,436.75 7/10/1994 | 2 | 7/18/1994 | NAPPA Genuine Parts/ Martin Semour Company | Deposited check stolen from Wachovia Bank in NDGA into the Mellon Group account at Bank South in NDGA | Trust Co. of GA (issuing bank) Bank South (negotiating bank) Wachovia Bank (check stolen from Wachovia |
| $2500.00 7/22/1994  $5500.00 7/22/1994 | 3 | 7/23/1994 | The Mellon Group Fred M. Coon | Cashed check drawn on stolen check proceeds from Banksouth Mellon Group account at Bank South in NDGA | Bank South (issuing bank) Bank South (negotiating bank) |
| $122,216.15 7/19/1994 | 4 | 8/09/1994 | The William Carter Co./ Avondale | Deposited check stolen from Wachovia Bank in NDGA into Avondale Mills account at NationsBank in NDGA | Bank of Boston (issuing bank) NationsBank (negotiating bank) Wachovia Bank (check stolen from Wachovia) |

None of these transactions as stated nor as defined involve the bank's funds or property.  The factual allegations made are the bank was used as a CONDUIT for stolen properties; such an allegation is insufficient to allege bank fraud.

Several circuts have been clear about the ambit of 18 U.S.C. §1344, the bank fraud statue.

> Our reading of the Congressional intent is also supported by the court of Appeals of the Seventh Circuit. Writing for that court, Judge Posner stated that "the purpose [of the bank fraud statue] is not to protect people who write checks to con artists but to protect the federal government's interest as an insurer of financial institutions." Davis 989 f.2d. at 247. In that case, facially valid checks issued by the IRS as a tax refund to a person who in fact was owed no tax refund, were deposited at a bank. The bank was of course deceived as to the entitlement of the payee to the money, whether by affirmative deception or passive material omission. Yet, according to judge Posner, only when the government proves the existence of civil liability is the bank truly endangered by the fraud. Cashing facially valid checks, even where the bank is deceived as to their legitimacy does not expose the bank to liability and therefore, there is no bank fraud. Honoring these checks did not "endanger" the bank's integrity. id at 247. People write checks "to con artists" or for many other improvement purposes every day, but this does not undermine the integrity of the bank as to give rise to federal interest.
>
> US v. Thomas 315 f.3d. 190, 200 (3d Cir 2002)

Clearly, the conduct alleged in the indictment as shown above, fails to place the bank at risk and thus fails the necessary and requisite element to confer jurisdiction. Other circuits concur.

> Read in this light, subsection (2) of the bank fraud statute "underscores' the breadth" of subsection (1). Under Monostra [125 f.3d.183 (3d Cir 1997)] subsection (2) would not provide a seperate basis of criminal liability under the statute. The Court of Appeals for the Second Circuit in US v. Blackman 839 f.2d.900 (2d Cir 1988) largely concurs in this assessment. In Blackman, the court noted that the requisite criminal intent to "victimize a bank" which is apparent from reading the Senate reports on the statute, and which the courts have implied into subsection (1), was intended to apply to all crimes alleged under the statute. Id at 905-06 Thus, to take money in the custody of a bank is not a crime under the statute unless there is a concomitant intent to victimize the bank. In US v. Rodriguez 140 f.3d.163,167 n.2 (2d Cir 1998)

> the Court of Appeals again held that a deceptive pattern of conduct designed to deceive a bank was required to prove a case under either subsection (1) or (2). The Courts of Appeals for the Fifth and Seventh Circuits have also determined that the intent to victimize requirement of subsection (1) pervades the statute, and it is a necessary element of an indictment under either subsection (1) or (2). Accord:
> US v. Sprick 233 f.3d. 845, 852 (5th Cir 2000); US v. Davis 989 f.2d. 244, 246-47 (7th Cir 1993) Thomas at 198.

It is now abundantly clear that an error of jurisdictional magnitude was made in the indictment for this defendant where the bank fraud counts were concerned. Such an error is plain and goes to the heart of his plea at the time.

B. It is fundamental ERROR to plead to non-criminal conduct.

The Fifth circuit (before it was split in to the Fifth and Eleventh Circuits) has opined on this specific issue.

At the core of our jurisprudence on this subject is a recognition that

> the guilty plea [is] perhaps the supreme instance of waiver known to our system of justice, one by which all of its trial rights and safeguards are voluntarily foregone, and the defendant deliberately submits to conviction. If this is to be permitted, at the minimum a decent system of justice will concern itself that the admission is voluntary and the defendant knows what he is admitting, so that he does not mistakenly consent to be punished for a crime he did not commit. (US v. Dayton 604 f.2d. 931, 938 (5th Cir 1979) (en banc) (emphasis added) cert. denied 445 US 904 (1980); see also Boykin 395 US at 242-45; Johnson v. Puckett 930 f.2d. 445, 448 (5th Cir 1991)
>
> US v. Briggs 939 f.2d. 222, 227 (5th Cir 1991) (emphasis in original)

Thus it should be clear that it is an egregious violation to allow someone to be convicted on the basis of conduct which

is not criminal. Indeed, in <u>Briggs</u> the Fifth Circuit has said just this.

> Simply put, to convict someone of a crime on the basis of conduct that does not constitute the crime offends the basic notions of justice and fair play embodied the Constitution.

<u>Briggs</u> at 228.

C. 28 U.S.C. § 2241 is the correct vehicle for this situation.

Because the law detailing the ambit of the Bank Fraud statute has been relatively recent in nature, Defendant has not had the opportunity to challenge his conviction within the confines of ADEPA. In his unusual position, however, with this specific conduct being ruled outside the constraints of the statute, he is permitted relief under 28 U.S.C. § 2241. The gatekeeping provisions of § 2255 do not apply in this "unusual" case.

> If, as the Supreme Court stated in [Davis v. United States][417 US 333](1974), it is a "complete miscarriage of justice" to punish a defendant for an act that the law does not make criminal, thereby warranting resort to the collateral remedy allowed by § 2255, it must follow that it is the same "complete miscarriage of justice" when the ADEPA amendment to § 2255 makes that collateral remedy unavailable. In that unusual circumstance, the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of [this defendant's] detention. <u>Dorsainvil</u> 119 f.3d. at 251.

> The Court then cautioned:
> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress' intent in amending § 2255.

> However, allowing someone in Dorsainvil's unusual position - that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively - is hardly likely to undermine the gatekeeping provisions of § 2255 id at 251.
>
> Several of our sister circuits have likewise concluded that § 2241 can, at times, provide an avenue for relief where none would otherwise be available. See Charles v. Chandler, 180 f.3d. 1236 (6th Cir 1999); Wofford v. Scott, 177 f.3d. 1236 (11th Cir 1999); US v. Barret, 178 f.3d. 34 (1st Cir 1999); In re Davenport, 147 f.3d.605 (7th Cir 1998); Triestman v US, 124 f.3d.361 (2nd Cir 1997). Indeed a common theme is evident in the Circuit Court opinions addressing the availability of § 2241: in those cases to which recourse to § 2241 is granted, the petitioner would have no other means of having his or her claim heard.
>
> US v. Brooks 230 f.3d. 643, 647-48 (3rd Cir 2000)(emphasis in original)(Accord: Wofford v. Scott, 177 f.3d. 1236 (11th Cir 1999))

Thus 28 U.S.C. § 2241 provides this court with the appropriate jurisdictional scaffold upon which to adjudicate his claim.

## CONCLUSION

As stated with terminal effect by Justice Scalia:

> "Without jurisdiction the court cannot proceed at all in any case. Jurisdiction is power to declare law, and when it ceases to exist the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle 7 Wall 506, 514, 19 L.Ed.264 (1869) "On every writ of error or appeal the first and fundamental question is that of jurisdiction, first of this court and then of the court from which the error comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation to the relation of the parties to it." Great Southern Fireproof Hotel

<u>Co. v. Jones</u> Supra at 453. The requirement that jurisdiction be established as a threshold matter "springs from the nature and limits of the judicial power of the United States" and is "inflexible and without exception" <u>Mansfield C & L.M.R. Co. v. Swan</u>, 111 US 379, 382 (1884)

<u>Steel Co. v. Citizens for a Better Env.</u>, 523 US 83, 94 (Scalia, J)(1998)

These charges are not criminal as they do not define a criminal act. Pleading guilty to a non criminal act "offends the basic notion of fair play and justice embodied in our Constitution", in addition, they rob the court of jurisdiction. Relief is required. We respectfully move this Honorable Court to grant the requested relief.

Respectfully Submitted

Wahid Shaloor

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the foregoing instrument has been furnished via U.S. Mail with postage prepaid to the United States District Court for the Middle District of Alabama, Office of the Clerk P.O.Box 711, Montgomery, Alabama 36101.

Signed and Dated this 13th day of September 2005,


Respectfully Submitted,

*[signature]*