IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IRVING BOWMAN<br>a/k/a Wahid N. Shakoor<br>   Petitioner, | *<br><br>* |
| v. | * CIVIL ACTION NO. 2:05-CV-881-F |
| UNITED STATES OF AMERICA<br><br>   Respondent. | *<br><br>* |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Irving Bowman, an inmate confined at the Maxwell Federal Prison Camp, initiated this case as an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In this petition, Petitioner challenges a conviction and sentence for bank fraud entered against him by the United States District Court for the Northern District of Georgia on June 12, 1998.[1] In filing this § 2241 petition, Petitioner requests either that his sentence be vacated, that he be re-sentenced pursuant to an indictment redacted of conduct which is not criminal, or that his case be remanded under 18 U.S.C. § 3742(f) because the sentence imposed is in violation of the law.

---

[1] Upon entry of a guilty plea, Petitioner was convicted of bank fraud in violation of 18 U.S.C. § 1344(A), (F) (count 1), Conspiracy to Defraud the Government in violation of 18 U.S.C. § 286 (F) (count 9), and Conspiracy to Distribute Narcotics in violation of 21 U.S.C. § 846 (count 39). Petitioner is serving concurrent terms of 151 months (count 39), 120 months (count 9), and 60 months (count 1). *See United States v. Bowman*, Criminal No. 97-CR-147, *available at* https://ecf.gand.uscourts.gov.

Petitioner argues that his indictment for bank fraud in violation of 18 U.S.C. § 1344 failed to set forth the necessary and requisite elements required to confer jurisdiction on the court of conviction. In support of his argument, Petitioner maintains that the "law detailing the ambit of the Bank Fraud statute has been relatively recent in nature," and therefore, "Defendant has not had the opportunity to challenge his conviction within the confines of the AEDPA." (Doc. No. 1 pg. 6.) Petitioner contends that since he entered a guilty plea to non-criminal conduct, the United States District Court for the Northern District of Georgia lacked jurisdiction to convict and sentence him for bank fraud.

## DISCUSSION

To the extent that the instant petition contains claims attacking the legitimacy of the bank fraud conviction, Petitioner may not proceed before this court on a habeas petition filed under 28 U.S.C. § 2241. The law is well settled that 28 U.S.C. § 2255 is the exclusive remedy for an inmate who seeks to challenge the validity of a federal conviction, unless "the remedy by [such] motion is inadequate or ineffective to test the legality of [the inmate's] detention." 28 U.S.C. § 2255. The Eleventh Circuit has determined that the inadequate and ineffective "savings clause of § 2255 applies to a claim when: (1) that claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have

been raised in the petitioner's trial, appeal, or first § 2255 motion." *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). All the Constitution requires, if it requires anything, is that a reasonable opportunity existed through which an inmate could have pursued judicial relief on his claims. *Id.*

Petitioner's claims are not premised upon a Supreme Court decision issued after his convictions which was made retroactively applicable, nor was Petitioner "convicted of any crime which a retroactively applicable Supreme Court decision overturning prior circuit precedent has made clear is nonexistent." *Wofford*, 177 F.3d at 1245. Moreover, Petitioner was not foreclosed by pertinent federal law from presenting the claims now before this court at the time these claims otherwise should have been raised. The pleadings filed herein establish that Petitioner had the requisite procedural opportunity to raise the instant habeas claims challenging the constitutionality of his bank fraud conviction and have such claims decided either by the trial court, on direct appeal, or in a properly filed § 2255 motion. Such an opportunity is all the Constitution requires. *Id.* at 1244.

A federal prisoner cannot use § 2241 simply to escape the procedural restrictions placed on § 2255 motions by the AEDPA..[2]  *See Wofford*, 177 F.3d at 1245. "[T]he savings

---

[2] "A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255 ¶6. In addition, "[b]efore a second or successive [28 U.S.C. § 2255 motion] . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner filed a motion to vacate under 28 U.S.C. § 2255 on July 19, 2002 in the United States District Court for the Northern District of Georgia. *See United State v. Bowman*, Criminal Action No. 97-CR-147) and *Bowman v. United States*, Civil Action No. 1:02-CV-2042-JEC, *available at* https://www.ecf.gand.uscourts.gov. The motion was

clause . . . does not exist to free a prisoner of the effects of his failure to raise an available claim earlier." *Id.* "If it were the case that any prisoner who is prevented from bringing a § 2255 petition could, without more, establish that § 2255 is 'inadequate or ineffective,' and therefore that he is entitled to petition for a writ of habeas corpus under § 2241(c)(3), then Congress would have accomplished nothing at all in its attempts – through statutes like the AEDPA – to place limits on federal collateral review." *Triestman v. United States*, 124 F.3d 361, 376 (2nd Cir. 1997); *see also In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997) (a federal petitioner may not proceed under "§ 2241 merely because [he] is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255."); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (internal citations omitted) ("The remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, . . . or because an individual is procedurally barred from filing a § 2255 motion . . . "). In light of the foregoing, the court concludes that Petitioner's challenge to his bank fraud conviction is not cognizable in a § 2241 petition.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Petitioner's challenge to the validity of his bank fraud conviction be DENIED and

---

denied on May 25, 2004. *Id.*

DISMISSED with prejudice as it is not properly before this court in a 28 U.S.C. § 2241 petition for habeas corpus relief.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before October 11, 2005. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 28th day of September, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE